T.C. Summary Opinion 2001-186

UNITED STATES TAX COURT

GEORGE N. SEMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7195-00S.                    Filed December 17, 2001.

George N. Seman, pro se.

<u>Richard A. Stone</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal

income tax of $727 for the taxable year 1997.

After concessions by petitioner,[1] the sole issue for decision is whether petitioner's Schedule C, Profit or Loss from Business, net profit is subject to self-employment tax.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing the petition, petitioner resided in Brandywine, Maryland. Petitioner was 67 years old during the year in issue.

Since 1977, and including the year in issue, petitioner has been in the business of operating a dump truck as an independent contractor. In 1997, petitioner contracted his services to a company that washed and sold sand and gravel. Payments were made to petitioner based on the number of loads carried.

Petitioner was also in the military for approximately 21 years. During the year in issue, petitioner was retired from military service and was receiving a military pension and Social Security benefits.

Petitioner timely filed his income tax return for the taxable year 1997 reporting $5,400 in Schedule C income from his business as an independent contractor. Petitioner also reported taxable pensions and annuities of $11,966.40.

---

[1] Petitioner concedes that he failed to include $93 of capital gain dividends and $71 of ordinary dividends received from the Fidelity-Equity Income Fund.

In a notice of deficiency respondent determined that petitioner's Schedule C income was subject to self-employment tax for the 1997 tax year. Petitioner contends that he should not have to pay self-employment tax since he will not gain any additional benefit from paying self-employment tax while he is receiving a military pension and Social Security benefits.

Section 1401 imposes a tax on an individual's self-employment income. Self-employment income is defined as "net earnings from self-employment". Sec. 1402(b). The term "net earnings from self-employment" is defined as an individual's gross income from a trade or business carried on by such individual less the deductions attributable to such trade or business. Sec. 1402(a).

Petitioner reported gross receipts of $52,342.50 on his Schedule C. He deducted total business expenses of $46,942.50 resulting in a net profit of $5,400. Respondent does not contest the amount of petitioner's gross receipts or expenses.

The law is clear in this case. There is no exception to the self-employment tax provisions of the Code that will provide petitioner relief from self-employment tax liability.

Although petitioner feels that it is "unfair" that he should pay self-employment tax when it will not add to his individual benefit, he is bound by the law as it is written by Congress. The power to legislate is exclusively the power of Congress and

not of this Court.  Iselin v. United States, 270 U.S. 245, 250 (1926).

Upon the basis of the record, we conclude that petitioner received self-employment net earnings, and, accordingly, is subject to self-employment tax.  Respondent is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.